**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| TAVORRIS WHITE, ANGELA SOLOMON, ENIS MITCHELL, LAMONT TUCKER, and BEVERLY STEWART, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiffs, | 5:23-cv-00061 |
| v. | |
| COMMUNITY DEVELOPMENT SYSTEM, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT**

COME NOW Plaintiffs Tavorris White, Angela Solomon, Enis Mitchell, Lamont Tucker, and Beverly Stewart, individually and on behalf of all others similarly situated, (hereinafter, collectively, "Plaintiffs") and bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiffs allege that Defendant Community Development System, Inc. willingly failed to properly compensate Plaintiffs, including by failing to compensate Plaintiffs, at least, minimum wage for hours actually worked, and that Defendant Community Development System, Inc. and respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1.

This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiffs were employed and the events underlying this action occurred in Macon, Bibb County, Georgia, which is located within this judicial district.

## PARTIES

3.

Plaintiff Tavorris White (hereinafter, "White") is a citizen of the United States and a resident of Georgia.  At all times relevant to this suit, Mr. White was employed with Defendant Community Development System, Inc.

4.

Plaintiff Angela Solomon (hereinafter, "Solomon") is a citizen of the United States and a resident of Georgia.  At all times relevant to this suit, Ms. Solomon was employed with Defendant Community Development System, Inc.

5.

Plaintiff Enis Mitchell (hereinafter, "Mitchell") is a citizen of the United States and a resident of Georgia.  At all times relevant to this suit, Mr. Mitchell was employed with Defendant Community Development System, Inc.

6.

Plaintiff Lamont Tucker (hereinafter, "Tucker") is a citizen of the United States and a resident of Georgia.  At all times relevant to this suit, Mr. Tucker was employed with Defendant Community Development System, Inc.

7.

Plaintiff Beverly Stewart (hereinafter, "Stewart") is a citizen of the United States and a resident of Georgia.  At all times relevant to this suit, Ms. Stewart was employed with Defendant Community Development System, Inc.

8.

At all relevant times, Plaintiffs were considered covered, non-exempt employees under the Fair Labor Standards Act.

9.

Defendant Community Development System, Inc. (hereinafter, "Defendant") is a domestic profit corporation, incorporated under the laws of the State of Georgia. Defendant's principal office is located at Post Office Box 46, Macon, Bibb County, Georgia 31201, and Defendant may be served with process through its Registered Agent, Paula M. Sims, who may be found at 577 Mulberry Street, Suite 900, Macon, Bibb County, Georgia 31201.

10.

Defendant is a private employer, employing in excess of two individuals, and is engaged in interstate commerce with an annual revenue in excess of $500,000.00.

11.

Defendant is a covered employer, enterprise, and person within the meaning of the Fair Labor Standards Act.

**STATEMENT OF FACTS**

12.

Plaintiffs hereby plead and incorporate by reference all of the allegations contained in Paragraphs 1 through 11, as if the same were set forth herein.

13.

Defendant's founder, owner, Secretary, Chief Financial Officer, and Chief Executive Officer, Paula M. Simms (hereinafter, "Simms") has experience in behavioral health and currently manages and operates Defendant.

14.

Defendant offers behavioral health services, counseling, and therapy to members of general public throughout the Middle Georgia community.

15.

Defendant provides such services in the form of behavioral health, counseling, and therapy to both adults and children in the community.

16.

Plaintiffs were all employed with Defendant until Spring 2021.

17.

Mr. White worked for Defendant from June 2006 through May 6, 2021.  Most recently, Mr. White had the title of mental health therapist, and his job duties included intake for complete treatment plan creation therapy.

18.

Ms. Solomon worked for Defendant from August 2009 through April 2021. Most recently, Ms. Solomon had the title of therapist and team leader, and her job duties included supervising paraprofessional, licensed clinical social workers employed by Defendant.

19.

Mr. Mitchell worked for Defendant from August 2007 through April 2021.  Most recently, Mr. Mitchell had the title of clinician, and his job duties included working with clients with any disciplinary encounters that they had with their respective educational institutions.

20.

Mr. Tucker worked for Defendant from January 2017 through May 2021.  Most recently, Mr. Tucker had the title of paraprofessional, and his job duties included providing counseling services to at-risk children.

21.

Ms. Stewart worked for Defendant from September 2008 through April 2021. Most recently, Ms. Stewart had the title of contractor assessor, and her job duties included performing behavioral health assessments.

22.

Regardless of how they were designated by Defendant, Plaintiffs should have been classified as employees instead of independent contractors because the services that Plaintiffs provided were integral to Defendant's business, Plaintiff's relationship with Defendant was of an indefinite nature, Plaintiffs were assigned to workspaces within Defendant's officers, and Defendant controlled the nature and extent of Plaintiffs' work.

23.

Several of the Plaintiffs, including Ms. Solomon, were at times designated as independent contractors and then Defendant made the unilateral decision to change their status to employees, even though nothing about the nature of Plaintiffs' work had changed.  Moreover, Defendant

allowed several of the individuals it employed to simply choose whether they were designated and paid as independent contractors or employees.

24.

Plaintiffs were required to travel to the homes of their clients to work.  However, Plaintiffs were not compensated for the time it took them to travel to or from the clients' homes. Additionally, Defendant failed to reimburse Plaintiffs for the mileage and other travel expenses they incurred.

25.

On numerous occasions in writing, Defendant acknowledged that the Plaintiffs did not receive the compensation they are claiming in this litigation.  Instead, Defendant told Plaintiffs to keep working and keep meeting with clients despite not being paid, and Defendant expressed that it did not want the Plaintiffs to harm the clients by not causing any disruption in the mental and behavioral health services being provided.

26.

Defendant told the Plaintiffs who Defendant had designated as "employees" to apply for unemployment benefits in the interim while waiting to receive the compensation they were owed.

27.

For the Plaintiffs whom Defendant considered "independent contractors," Defendant advised them to file for a loan with the Paycheck Protection Program ("PPP").

28.

Mr. White worked 76 hours between March 1 and March 15, 2021, at a rate of pay of $40 per hour, and he was owed approximately $3,040.00.  Mr. White also worked 69 hours between March 16 and March 31, 2021, at a rate of pay of $40 per hour, and he was owed $2,760.00.  Mr.

White still has not been paid for those two pay periods, and he is owed a total of approximately $5,800.00 in compensation for those periods of time.

29.

Ms. Solomon worked 3.5 hours between March 1 and March 15, 2021, at a rate of pay of $20 per hour, and she was owed approximately $70.00.  Ms. Solomon worked 39.5 hours between March 1 and March 15, 2021 at a rate of pay of $40 per hour and was owed approximately $1,580.00.  She was owed a total of approximately $,1650.00 for that pay period.  Ms. Solomon worked 4.5 hours between March 16 and March 31, 2021, at a rate of pay of $20 per hour, and she was owed approximately $90.00.  Ms. Solomon worked 43 hours between March 16 and March 31, 2021, at a rate of pay of $40 per hour, and was owed approximately $1,720.00.  She was owed a total of approximately $1,810.00 for that pay period.  Ms. Solomon worked 1 hour between April 1 and April 15 of, at a rate of $20 per hour, and she was owed approximately $20.00.  Ms. Solomon worked 19.5 hours at between April 1 and April 15, 2021, at a rate of pay of $40 per hour, and was owed approximately $780.00.  She was owed a total of approximately $800.00 for that pay period.  Ms. Solomon still has not been paid for those three pay periods and she is owed a total of approximately $4,260.00.

30.

Mr. Mitchell worked 2 hours between March 1 and March 15, 2021, at a rate of pay of $10 per hour, and he was owed approximately $20.00.  Mr. Mitchell worked 36.5 hours between March 1 and March 15,  2021, at a rate of pay of $20 per hour, and was owed approximately $730.00.  He was owed a total of about $750.00 for that pay period.  Mr. Mitchell worked 2 hours between March 16 and March 31, 2021, at a rate of pay of $10 per hour, and he was owed approximately $20.00.  Mr. Mitchell worked 39.5 hours between March 16 and March 31, 2021, at a rate of pay of $20 per hour

and he was owed around $790.00.  He was owed a total of $810 for that pay period.  Mr. Mitchell

worked 1 hour between April 1 and April 10, 2021, at a rate of pay of $10 per hour, and he was

owed $10.00.  Mr. Mitchell worked 20.5 hours between April 1 and April 10, 2021, at a rate of

pay of $20 per hour, and he was owed about $410.00.  He was owed a total of $20.00 for that pay

period.  Mr. Mitchell still has not been paid for those three pay periods and he is owed a total of

approximately $1,980.00.

31.

Mr. Tucker worked 2 hours between February 16 and February 28, 2021, at a rate of pay

of $7.50 per hour, and was owed around $15.00.  Mr. Tucker worked 32.5 hours between February

16 and February 28, 2021 at a rate of pay of $15 per hour, and was owed about $487.50.  He was

owed a total of $502.50 for that pay period.  Mr. Tucker worked 43.5 hours between 1 March and

15 March, 2021, at a rate of pay of $15 per hour, and was owed approximately $652.50 for that

pay period.  Mr. Tucker worked 3 hours between March 16 and March 31, 2021, at a rate of pay

of $7.50 per hour, and was owed about $22.50.  Mr. Tucker worked 41.5 hours between March 16

and March 31, 2021, at a rate of $15 per hour, and was owed $622.50.  He was owed a total of

$645.00 for that pay period.  Mr. Tucker worked 1 hour between April 1 and April 15, 2021, at a

rate of pay of $7.50 per hour, and was owed $7.50.  Mr. Tucker worked 40 hours between April 1

and April 15, 2021, at a rate of pay of $15 per hour, and was owed around $600.00.  He was owed

a total of $607.50 for that pay period.  Mr. Tucker still has not been paid for those four pay periods

and he is owed a total of approximately $2,407.50.

32.

Ms. Stewart worked 12 hours between February 1 and March 15, 2021, at a rate of $50 per

hour, and was owed around $600 for that pay period.  Ms. Stewart worked 21 hours between March

16 and April 15, 2021, at a rate of $50 per hour, and was owed approximately $1,050.00 for that pay period.  Ms. Stewart still has not been paid for those two pay periods, and she is owed a total of approximately $1,650.00.

33.

Defendant knew that Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart, and all other Plaintiffs similarly situated, were traveling for the purposes of their employment, and that Defendant did not provide them with any compensation for that time.  As a result, Defendant's refusal to compensate Plaintiffs for their travel time was willful.

34.

Defendant is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, consistent, and even continued after several of the Plaintiffs specifically asked Defendant about their lack of compensation.

35.

With regard to Defendant's failure to compensate employees at all for certain hours worked, including time traveling for work, Defendant did not have reasonable grounds to believe that its acts and omissions complied with the Fair Labor Standards Act.

36.

Similarly, Defendant's conduct was willful and taken in bad faith.

37.

Defendant's conduct has caused significant damages to Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart, and all others similarly situated, including being forced to incur attorney's fees and costs of litigation in pursuing the instant action.

Collective Action Allegations

38.

Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart bring this action individually and on behalf of others similarly situated pursuant to 29 U.S.C. § 216(b). Said Plaintiffs and the similarly situated individuals worked for Defendant. The proposed collective is defined as follows:

> All persons who worked for Defendant, regardless of whether such individuals were designated as employees or independent contractors, who: 1) worked but were not compensated at least at a rate of minimum wage for any hours actually worked at any time in the three (3) years prior to the commencement of this action; and/or, 2) were not compensated for time spent traveling that was required for work (hereinafter, "FLSA Collective.").

39.

Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and their respective consent forms are attached hereto. (Docs. 1-1 thru 1-5.) As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

40.

Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart, and the FLSA Collective are or were employed by Defendant within the meaning of the Fair Labor Standards Act.

41.

Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, Ms. Stewart, and the FLSA Collective routinely traveled for work and were not paid for their time spent traveling nor mileage.

42.

Defendant is aware that the Fair Labor Standards Act requires employers to compensate its

employees for all hours worked at least in the amount of $7.25 per hour or "minimum wage." Defendant is further aware of the requirement to compensate its employees for time traveling as a part of the employee's principal activity.

43.

Defendant's unlawful conduct is widespread, repetitious, and consistent, adversely impacting Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart, and the FLSA Collective.

44.

Defendant's unlawful conduct is willful and in bad faith and has caused damages to Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, Ms. Stewart, and the FLSA Collective. Defendant is aware that Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, Ms. Stewart, and the FLSA Collective performed work that was not compensated at a rate of at least $7.25 per hour and performed work without pay for time spent traveling or mileage.

45.

Defendant is aware of the Fair Labor Standards Acts' overtime requirements, minimum wage, and travel requirements.

46.

Defendant is liable under the Fair Labor Standards Act for failing to properly compensate Mr. White, Ms. Solomon, Mr. Mitchell, Mr. Tucker, and Ms. Stewart, and the FLSA Collective.

47.

Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation under the Fair Labor Standards Act who would benefit from a Court-supervised

notice of this lawsuit and opportunity to join the proceedings.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT I:**
**FAILURE TO PAY MINIMUM WAGE**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

48.

Plaintiffs hereby plead and incorporate by reference all of the allegations set forth in the Statement of Facts, Paragraphs 1 through 45, as if the same were set forth herein.

49.

Pursuant to the Fair Labor Standards Act, an employer must pay an employee wages equivalent to $7.25 per hour.  29 U.S.C. § 206.

50.

As alleged herein, Defendant is an "enterprise" under the Fair Labor Standards Act.  *See* 29 U.S.C. § 203(r)(1).

51.

As alleged herein, Plaintiffs are non-exempt covered employees under the Fair Labor Standards Act. 29 U.S.C. § 203(e).

52.

Plaintiffs frequently worked hours for which they did not receive compensation during the period of three years preceding the filing of this action.  As a result, Defendant failed to pay Plaintiffs at the rate of minimum wage, or sometimes not at all, during the period of three years preceding the filing of this action.

53.

Defendant's conduct, as alleged herein, constitutes failing to compensate employees at least at the rate of minimum wage in violation of the Fair Labor Standards Act.

54.

Plaintiffs have been injured by Defendant's actions and are entitled to an award of compensation at least at a rate of minimum wage and all other damages allowed under the Fair Labor Standards Act, as well as reasonable attorney's fees and costs of litigation to be paid by Defendant pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

55.

Defendant knew the Fair Labor Standards Act's requirements with respect to minimum wage.

56.

Defendant knew that Plaintiffs worked certain time in which they were not compensated at all during the period of three years preceding the filing of this action.

57.

Defendant knew that it failed to compensate Plaintiffs at least the rate of minimum wage during the period of three years preceding the filing of this action.

58.

Defendant's refusal to pay at least minimum wage is willful and Defendant has failed to operate in good faith.

59.

This Court should exercise its sound discretion to award liquidated damages pursuant to 29 U.S.C. § 260, and should award to Plaintiffs said liquidated damages in an amount equal to each person's award for compensation less than minimum wage.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tavorris White, Angela Solomon, Enis Mitchell, Lamont Tucker, and Beverly Stewart, individually and on behalf of all others similarly situated, respectfully pray for the following relief:

1)      That Summons and Process be issued to Defendant Community Development System, Inc., and that said Defendant be served as provided by law;

2)      That the Court designate this action as a collective action on behalf of Plaintiffs, individually and on behalf of others similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 203 216(b);

3)      That this matter be tried before a jury;

4)      That judgment be awarded for and in favor of Plaintiffs and against Defendant on Count I for Failure to Pay Minimum Wage, and grant Plaintiffs all relief allowable under the Fair Labor Standards Act; and,

5)      For such other relief as this Court shall deem just and proper.

*[Signature Page Follows]*

Respectfully submitted, this 8th day of February, 2023.

KENNETH E. BARTON III
Georgia Bar No. 301171
TODD A. STANAGE
Georgia Bar No. 847547
*Attorneys for Plaintiffs*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
tstanage@cooperbarton.com