IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TAVORRIS WHITE, ANGELA         :
SOLOMON, ENIS MITCHELL,        :
LAMONT TUCKER, and BEVERLY     :
STEWART, individually and on behalf :
of all others similarly situated,      :        No. 5:23-CV-61 (CAR)
                                       :
Plaintiffs,                            :
                                       :
v.                                     :
                                       :
COMMUNITY DEVELOPMENT           :
SYSTEM, INC.,                          :
                                       :
        Defendant.                     :
                                       :

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

Three years ago, on February 8, 2023, Plaintiffs Tavorris White, Angela Solomon, Enis Mitchell, Lamont Tucker, and Beverly Stewart, individually and on behalf of all others similarly situated, filed this action against their former employer, Defendant Community Development System, Inc., alleging it failed to properly compensate them in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[1] After multiple failed attempts to serve Defendant, Plaintiffs ultimately sought service through the Secretary of State which acknowledged service of process on behalf of Defendant on August 8, 2023.

---

[1] Compl. [Doc. 1].

Defendant failed to answer or otherwise respond to Plaintiffs' Complaint. On September 12, 2023, Plaintiffs submitted their Application to the Clerk for Entry of Default, and the next day, the Clerk made an Entry of Default on the record which stated:

> Plaintiff shall file a motion for default judgment within 21 days. The motion for default judgment shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion a proposed order granting the motion. Failure to comply with this notice may result in the action being dismissed for failure to prosecute.[2]

After the Entry of Default, Plaintiffs sought two extensions of time to file a motion for default judgment, so they could engage in limited discovery to attempt to obtain payroll, time, and attendance records from Defendant to prove their damages. The Court granted both motions and extended the time for a total of 105 days, until January 16, 2024.

On January 12, 2024, Plaintiffs sought a third extension to file their motion for default judgment by 14 days because in compiling their records, Plaintiffs' counsel had been unable to contact Plaintiff Enis Mitchell and needed to verify whether he had passed away.[3] On January 18, 2024, Plaintiffs filed a suggestion of death for Plaintiff Enis Mitchell. Plaintiffs' counsel determined Mr. Mitchell died in September 2023. The Court held a telephone conference wherein Plaintiffs' counsel stated he had

---

[2] Clerk's Entry of Default, September 13, 2023.
[3] Doc. 16.

contacted Mr. Mitchell's survivors who intended to pursue his claims. The Court granted Plaintiffs' request and extended the time for counsel to determine Mr. Mitchell's estate matters, allowing Plaintiffs another 45 days, until March 25, 2024, to file their Motion for Default Judgment.

On March 25, 2024, Plaintiffs filed a Motion to Amend Complaint to add additional claims and stated that Plaintiff Mitchell's survivors had not yet filed a petition in probate court to have a personal representative appointed. Counsel understood a petition would be filed in the next several days. The Court granted the motion to amend, and Plaintiffs filed their Amended Complaint. On November 27, 2024, Plaintiffs obtained an Entry of Default from the Clerk and on December 17, 2024, filed a Motion for Default Judgment and requested a hearing. The Court set a hearing on the default judgment motion for July 22, 2025.

On July 16, 2025, this Court held a telephone conference with Plaintiffs' counsel about the need for a hearing. Plaintiffs' counsel agreed default judgment could be decided without a hearing and informed the Court no representative had been appointed for Mr. Mitchell. The Court expressed concern about Plaintiffs' failure to file a substitution of party over a year and half after being notified of Mr. Mitchell's death.

3

The Court gave Plaintiffs an additional month, until August 15, 2025, to work out deceased Plaintiff Mitchell's estate and file the evidence needed to decide the motion for default judgment.

On September 12, 2025, Plaintiffs filed another motion to extend time to substitute party for a duly appointed personal representative and refile the default judgment motion with the evidence to support it. The Court granted the motion and gave Plaintiff an additional 90 days, until December 30, 2025, to substitute party and refile the default judgment motion. The Court warned Plaintiffs it did not expect to grant any further extensions.[4] As of the date of this Order, over a month after the deadline, Plaintiffs have failed to file either a substitution of party or a default judgment motion.

"The Supreme Court … has held that '[t]he authority of a court to dismiss [sua sponte] for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs….'"[5] Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute … a defendant may move to dismiss the action or any claim against it." "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua

---

[4] Doc. 31.
[5] *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"[6]

This Court has been more than generous in granting Plaintiffs ample time to seek default judgment in this case. This case has now been pending for three years, Plaintiffs' counsel has had over two years to file a substitution of party for deceased Plaintiff Mitchell, and despite this Court's warning that it did not intend to grant any further extensions in this case, Plaintiffs have failed to refile their motion for default judgment. Thus, to "achieve the orderly and expeditious disposition" of this case, Plaintiff's Complaint is hereby **DISMISSED without prejudice** for failure to prosecute.[7]

**SO ORDERED**, this 9th day of February, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link*, 370 U.S. at 630-31).
[7] The Court notes this dismissal may in effect be a dismissal with prejudice because of the statute of limitations.